IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMENITY BANK, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. Action No. 16-1229-RGA |
| | : General Sessions Court of |
| CHARMANE SMITH, | : Shelby County, Tennessee |
| | : Case ID 1831787 |
| Defendant. | : |

---

Charmane Smith, Memphis, Tennessee. Pro Se Defendant/Counterclaimant.

**MEMORANDUM OPINION**

April 5, 2017
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

On December 16, 2016, Defendant/Counterclaimant Charmane Smith filed a notice of removal that references proceedings in the General Sessions Court of Shelby County, Tennessee.[1] (D.I. 2). Smith appears *pro se* and has been granted leave to proceed *in forma pauperis*. For the reasons discussed below, the Court will summarily remand the case to the General Sessions Court of Shelby County, Tennessee.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2016, a civil warrant issued in *Portfolio Recovery Assoc. v. Smith*, Case ID 1831787, in the Shelby County General Sessions Court. *See Portfolio Recovery Assoc. v. Smith*, Case ID 1831787 (Nov. 8, 2016). According to the court docket, Smith was served on November 19, 2016, and an "initial setting" is scheduled for May 2, 2017. (*Id.*) The nature of the case is unknown.[2]

---

[1] Smith is a frequent *pro se* and *in forma pauperis* litigator in other United States District Courts. *See Smith v. MasterCard Int'l*, 2017 WL 103966, at *1 (E.D. Mo. Jan. 10, 2017). She has been barred from filing actions in at least five other districts. *See Smith v. United States*, Civ. No. 00-2302 (D.D.C. Sept. 27, 2000) (enjoining Plaintiff from filing actions *in forma pauperis* in the absence of an allegation of imminent danger of serious physical injury); *Smith v. United States*, Civ. No. 01-450 (N.D. Tex. May 30, 2001) (enjoining Plaintiff from filing cases without prior judicial permission); *Smith v. Dell, Inc.*, 2007 WL 221530 (W.D. Tenn. Jan. 24, 2007) (enjoining Plaintiff from filing actions *in forma pauperis* and applying the order to any action that is filed in another district and transferred to the Western District of Tennessee); *Smith v. Spitzer*, 531 F. Supp. 2d 360 (N.D.N.Y. 2008) (barring Plaintiff from filing actions without obtaining counsel or prior court approval); *Smith v. Chase Bank*, Civ. No. 11-2270-LAP (S.D.N.Y. Dec. 2, 2016) (barring Plaintiff from filing actions *in forma pauperis* without first obtaining leave of court to file).

[2] Portfolio Recovery Associates is one of the nation's largest debt collectors. *See* https://www.portfoliorecovery.com/ (last visited Mar. 31, 2017).

2

On December 16, 2016, Smith filed an application for removal pursuant to 28 U.S.C. § 1446(c)(2) based upon diversity of citizenship. (D.I. 2). The notice is captioned Charmane Smith, Counterclaimant v. Comenity Bank, Plaintiff, and attached to it is a Counterclaim authored by Smith. On January 3, 2017, Smith filed an addendum to an amended civil complaint even though neither a complaint nor an amended complaint has been filed with the Court. (D.I. 8).

## LEGAL STANDARD

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a) which states that, in order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). Section 1441(a) also provides that the action may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.[3] *Id.* at § 1441(a). The statute is strictly construed, requiring remand to State court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

---

[3]Under § 1441(a), Smith was required to remove this action to the United States District Court for the Western District of Tennessee. As previously noted, Smith has been enjoined from filing actions *in forma pauperis* in that District Court. While the Court is aware that "[d]istrict courts generally should not dismiss *in forma pauperis* complaints *sua sponte* for improper venue," it is concerning that Smith appears to be forum shopping. *Greene v. Horry Cnty.*, 650 F. App'x 98, 99 (3d Cir. 2016) (citing *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (stressing that "28 U.S.C. § 1915 contains no express authorization for a dismissal for lack of venue.").

The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010. Upon a determination that a federal court lacks subject matter jurisdiction, the District Court is obligated to remand, *sua sponte*, to the State court from which it was removed. *See Scott v. New York Admin. for Children's Services*, 2017 WL 775825, at *1 (3d Cir. Feb. 28, 2017).

## DISCUSSION

**Requisites for Removal**. Initially the court notes that Smith failed to comply with the requisites for removal. She did not provide for the court's review any copies of process, pleadings, or orders from the state civil proceeding. *See* 28 U.S.C. § 1446(a). The Court takes judicial notice that the Plaintiff named in this removal action (Comenity Bank) is not the Plaintiff named in Case ID 1831787 (Portfolio Recovery Associates, LLC), the case that Smith has removed.

**Removal**. Smith indicates that she has removed this matter under §1446(c), based upon diversity of citizenship. District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a). According to the Court Docket for Case ID 1831787, the parties are not diverse with both parties listing as

having addresses in the State of Tennessee. *See Portfolio Recovery Assoc. v. Smith*, Case ID 1831787, court docket. It seems that Smith has filed the Counterclaim (D.I. 2) that names Comenity Bank as a Plaintiff, with an address in Delaware, in an effort to vest this Court with jurisdiction based upon diversity of citizenship. As previously noted, Comenity Bank is not a named Plaintiff in Case ID 1831787. In addition, because Smith failed to provide the Court with any copies of any documents filed in Case ID 1831787 from the General Sessions Court of Shelby County, the amount in controversy is unknown. The parties in Case ID 1831787 are not diverse and, therefore, the Court lacks jurisdiction. Accordingly, the Court will remand the matter to the General Sessions Court of Shelby County, Tennessee.

**Counterclaim/Complaint.** To the extent that Plaintiff intended to file a new case (although that is far from clear), the instant Counterclaim/Complaint is very similar to a complaint Plaintiff filed in the United States District Court for the Southern District of Ohio in *Smith v. World Fin. Network Bank*, Civ. No. 17-002-JLG-EPD (S.D. Ohio Jan. 3, 2017) at D.I. 3. The most notable differences are that Plaintiff has named different opposing parties, and the complaint in the Ohio District Court case is typed while the Counterclaim/Complaint in the instant case is handwritten. Other than that, the allegations are, for the most part, the same. The Ohio District Court complaint was screened pursuant to 28 U.S.C. § 1915(e)(2) and dismissed for failure to assert any claim over which the court had subject matter jurisdiction. *See Smith v. World Fin. Network Bank*, 2017 WL 480415, at *3 (S.D. Ohio Feb. 6, 2017).

5

Even were this Court to consider the Counterclaim/Complaint in the instant case as a Complaint with Smith as Plaintiff and Comenity Bank as Defendant, the reasoning of the Court in *Smith v. World Fin. Network Bank*, 2017 WL 480415 (S.D. Ohio Feb. 6, 2017), provides a sound basis for dismissal. A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6)

6

motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir.

2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

> As discussed by the Ohio District Court:
>
> Plaintiff has used conclusory labels to describe her claims sounding in products liability, including personal injury, breach of warranty, and strict liability. Liberally construing the complaint, plaintiff basically asserts that defendant was negligent in designing its credit card products, resulting in hackers being able to interfere with her accounts and her use of defendant's credit cards. Plaintiff demands compensatory and economic damages in the amount of ten billion dollars.

*Smith v. World Fin. Network Bank*, 2017 WL 480415, at *1 (S.D. Ohio Feb. 6, 2017).

In the instant Counterclaim/Complaint, the only specific damages Smith alleges is that she is owed $120 for overpayments on her credit card statements. *Compare* D.I. 2 at ¶ 3 to *Smith v. World Fin. Network Bank*, 2017 WL 480415, at *2. Nor is Smith's allegation that she sustained damages in the amount of one, not ten as in the Ohio case, billion dollars made in good faith. *Compare* D.I. 8 at p.2 to *Smith v. World Fin. Network Bank*, 2017 WL 480415, at *2; *see also Smith v. Phoenix Technologies Ltd.*, 2011 WL 5444700 at **2-3 (N.D. Cal. Nov. 9, 2011) (dismissing action filed by Smith pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction where Smith's request for $2.8 billion in damages was not made in good faith). The Ohio District Court also observed that two actions filed by Smith in Florida, wherein she made threadbare and conclusory allegations claiming damages in the sum of ten billion dollars, were dismissed for failure to satisfy the jurisdictional amount. *See Smith v.*

*American Express*, Civ. No. 17-60023-BB, at D.I. 6 at pp. 2-3 (S.D. Fla. Jan. 6, 2017); *Smith v. American Express*, Civ. No. 16-62805-WPD, at D.I. 8 at pp.2-3 (S.D. Fla. Dec. 14, 2016).

In addition, in this case and in the Ohio District Court case, Smith alleges that the injuries resulting from product security flaws began on or before September 9, 2012. Under Ohio law, the claims were time-barred. *Smith v. World Fin. Network Bank*, 2017 WL 480415, at *2. Similarly, the claims are time-barred under Delaware law since Delaware's two-year statute of limitations, 10 Del. C. § 8119, applies to products liability claims. *See Brown v. E.I. duPont de Nemours & Co.*, 820 A.2d 362 (Del. 2003). Smith filed the Counterclaim/Complaint on December 16, 2016 and, therefore, it appears from the face of the Counterclaim/Complaint that her claims are time-barred.

Having reviewed the Counterclaim/Complaint, the Court concludes that the allegations are insufficient to allege subject matter jurisdiction and the claims are time-barred. Therefore, the matter will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

## CONCLUSION

For the above reasons the court will: (1) summarily remand the case to the Chancery Court of the State of Delaware; (2) in the alternative, dismiss the Counterclaim/Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous; and (3) dismiss as moot Plaintiff's request for counsel (D.I. 4).

An appropriate order will be entered.